## IN THE MATTER OF THE APPEAL OF THE HAWAIIAN TRAMWAYS COMPANY, respecting Stamp Duty on License for its Cars.

HEARING, SEPTEMBER 21, 1893.   DECISION, SEPTEMBER 25, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An Act of the Legislature prescribing that a company operating a street railway "shall pay to the Department of the Interior the sum of ten dollars per annum as a license tax upon each passenger car used by it and no greater sum shall be exacted as car license," does not exempt the licenses so issued from the stamp duty imposed by law upon licenses issued from the office of the Minister of the Interior or other Government department.

OPINION OF THE COURT, BY JUDD, C.J.

The Minister of Finance assessed a stamp duty upon the car licenses of the Hawaiian Tramways Company. The Company being dissatisfied therewith, the question is referred to this Court upon a case duly made and furnished by the Minister of Finance.

The Hawaiian Tramways Company is a corporation operating a street railway in Honolulu under the provisions of Acts of the Legislature, Chapter XXXIV. of the Laws of 1884 and Chapter XVIII. of the Laws of 1886. The company has eighteen cars, the licenses for which the Minister of Finance claims are subject to a stamp duty in accordance with the provisions of Chapter CIII. of the Laws of 1892, and has assessed the stamp duty upon them. The

company claims that the assessment is unlawful, on the ground that said cars are exempt from all charges for licenses or stamp duties, except such as are expressly provided in Section 11 of the Act of 1884, Chapter XXXIV. This section reads as follows: "Said William R. Austin, his associates and assigns or successors, shall pay in annual payment to the Department of the Interior the sum of ten dollars per annum, as a license tax upon each passenger car used by him or them, and no greater sum shall be exacted as car license."

It is claimed in behalf of the company, appellant, which holds the franchise from Wm. R. Austin, that the rating by the Legislature of the annual fee for the license of each passenger car at ten dollars and no more, excludes these licenses from the operation of the general law which imposes a stamp duty for the purpose of revenue upon all licenses issued from the Interior Department or from any other department of the Government.

We do not think that the Act which conferred the franchise of operating a street railway upon the appellant company and which established the annual license tax upon each of its passenger cars at ten dollars, is of any greater obligation or solemnity in respect to the license in question than any other Act of the Legislature imposing a license fee upon any business or occupation. The Legislature imposes the tax in both instances. When the franchise was granted to this company in 1884, and renewed in 1886, there was in existence the Stamp Act of 1876, which prescribed that there should be due and payable the sum of one dollar for stamp duty upon "licenses issued from the office of the Minister of the Interior or other Government department."

The car license in question issues from the office of the Minister of the Interior because Section 11 of the Act of 1884 requires the fee for it to be paid to the Department of the Interior; and from the nature of the case, a license must issue, not only to show that the fee has been paid, but that the car is in fact licensed.

We place no importance upon the language of Section 11, that "no greater sum shall be exacted as car license." If these words were not in the law, and it merely prescribed ten dollars as the license tax, no greater sum could be exacted, so long as this tariff remained unchanged by the Legislature. The statute does not say that the payment of ten dollars shall be in full discharge of the license tax, and any stamp duty now or hereafter to be levied upon licenses for vehicles for transportation of passengers. The statute contains no reference to the stamp duty upon the license.

The Legislature of 1892, in Chapter CIII., amended the Stamp Act by imposing a sliding scale of stamp duties upon licenses, graduated according to the amount of the fee for such licenses. The car licenses in question are not exempted from stamp duty by this Act or by any law of this country, and we therefore decide and adjudge that the annual licenses of the passenger cars of the Hawaiian Tramways Company are assessible with the stamp duty in accordance with the provisions of Chapter CIII., Laws of 1892.

*P. Neumann,* for the Company, appellant.

*Attorney-General W. O. Smith,* for the Government, respondent.